NICOLA T. HANNA
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
CHARLES E. PELL (Cal. Bar No. 210309)
Assistant United States Attorney
Santa Ana Branch Office
    Ronald Reagan Fed. Bldg. & United States Courthouse
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3542
    Facsimile: (714) 338-3561
    E-mail:   Charles.E.Pell2@usdoj.gov

Attorneys for Plaintiff/Respondent
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. SA CR 19-00016-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION FOR COURT ORDER DECLARING PARTIAL WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND COMPELLING DISCLOSURE OF CERTAIN ATTORNEY-CLIENT COMMUNICATIONS; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER REGARDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE |
| v. | |
| DONGYUAN LI, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Charles E. Pell, hereby files this motion for a Court Order: (1) declaring that defendant DONGYUAN LI has waived her attorney-client privilege with respect to communications between her and her attorneys Thomas P. O'Brien and David J. Carroll, concerning the events and facts surrounding defendant's conversation with defense counsel that is proffered in the declaration of defense counsel David J. Carroll (DE

43-1) submitted in support of defendant's motion to revoke the Magistrate Court's detention Orders (DE 43); and (2) compelling attorneys Thomas P. O'Brien and David J. Carroll to testify at the hearing on April 8, 2019, about those communications with defendant.

This application is based upon the attached memorandum of points and authorities, all files and records in the case, and upon such further evidence or argument as may be requested by the Court.

Dated: April 2, 2019            Respectfully submitted,

NICOLA T. HANNA
United States Attorney

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office


        /s/
CHARLES E. PELL
Assistant United States Attorney
Santa Ana Branch Office

Attorneys for Plaintiff/Respondent
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  PROCEDURAL BACKGROUND**

The government's opposition filed earlier this evening details the relevant procedural history.  (DE45 at 1-2.)

Also on March 27, 2019, in support of defendant's motion to revoke the Magistrate Court's detention Orders and argued therein (DE43), the defense attached the declaration of defense counsel David J. Carroll that proffered the date and substance of communications between defendant and defense counsel (DE43-1).

**II.  SUMMARY OF ARGUMENT**

Under Ninth Circuit law, defendant has waived her attorney-client privilege with respect to the conversation she had with defense counsel that she proffered in defense counsel's declaration that was submitted in support of her appeal of the Magistrate Court's detention decisions.  In her motion, she relies on and argues using communications between her and her attorneys to support her challenge to the Magistrate Court's detention Orders.

The government's opposition to defendant's motion adequately explains why the Magistrate Court correctly decided the detention issue, twice.  Nevertheless, because defendant has raised the substance of her communication with defense counsel in her counsel's declaration and argued it in her motion, in order for this Court and the government to fairly address it, the Court and government need to be provided accurate facts regarding what defense counsel actually said to or advised defendant about the issues she raises in her motion as related to that communication, as well as defendant's statements in that same conversation.  Consequently, the government requests that the Court: (1) declare that defendant DONGYUAN LI has

waived her attorney-client privilege with respect to communications between her and her attorneys Thomas P. O'Brien and David J. Carroll, concerning the events and facts involved in defendant's conversation with defense counsel that is proffered in the declaration of defense counsel David J. Carroll (DE43-1) submitted in support of defendant's motion to revoke the Magistrate Court's detention Orders (DE 43); and (2) compel attorneys Thomas P. O'Brien and David J. Carroll to testify during the hearing on April 8, 2019, about those communications with defendant.[1]

## III. ARGUMENT

In her motion, defendant claims that discussions that occurred with her counsel support her challenge to the Magistrate Court's detention decisions. Specifically, defendant claims that on January 23, 2019, her counsel discussed with her defense counsel's meeting with the government that occurred the previous day, including "that Ms. Li's indictment was imminent." (DE43-1 at 2.) She also argues in her motion that she did not flee, even though based on that conversation with defense counsel, there was "no doubt in her mind that the government intended to prosecute her." (DE43 at 12.)

The attorney-client privilege protects confidential communications between attorneys and their clients. Fed. R. Evid. 501, 502. However, the privilege may be waived as to a particular

---

[1] The day after defendant filed her motion, on March 28, 2019, the government reached out to defense counsel to determine whether they would prefer to withdraw the declaration and argument premised upon their communications with the defendant, because the government would otherwise be filing the instant motion seeking a finding of waiver of the attorney-client privilege. Defense counsel indicated that they did not believe there had been a waiver, so would not be withdrawing the declaration, and they would oppose a motion by the government that requested waiver.

1

communication between an attorney and client if it is disclosed by either of them.

Defendant affirmatively raised the substance of conversations between her and her counsel by arguing it in her motion and proffering it in her counsel's declaration in this matter. Accordingly, by arguing and proffering her conversation with defense counsel, defendant has waived the attorney-client privilege on that same conversation. See, e.g., Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petition raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); see also Wharton v. Calderon, 127 F.3d 1201, 1203 (9th Cir. 1997) (defendant waived attorney-client privilege by raising ineffective assistance of counsel claim in a habeas proceeding); Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974) (attorney-client privilege waived when defendant, in § 2255 proceeding, attacked his attorney's competence in giving legal advice, and ascribed course of action to his attorney that raised specter of incompetence). Tasby explained the rationale for the rule, which is premised on fairness. 504 F.2d at 336.

The same reasoning applies to the non-habeas context, where a party affirmatively raises attorney-client communications in their case. E.g., Rock River Commc'ns, Inc. v. Universal Music Grp., Inc., 745 F.3d 343, 353 (9th Cir. 2014) ("Defendants waived the protection of the privilege by relying on an advice-of-counsel defense."); United States v. Quiel, 595 F. App'x 692, 694 (9th Cir. 2014) ("A party who affirmatively places its attorney-client communications at issue in a litigation implicitly waives the privilege.").

2

In other words, defendant cannot in this case try to use her communications with defense counsel as a sword to wield against the Magistrate Court's detention Orders, but then simultaneously use the attorney-client privilege as a shield against this Court and the government's inquiring as to the substance of those same communications.  E.g., United States v. Ortland, 109 F.3d 539, 543 (9th Cir. 1997) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield.  Where a party raises a claim which *in fairness* requires disclosure of the protected communication, the privilege may be implicitly waived." (emphasis in original) (citation omitted)); see also United States v. Amlani, 169 F.3d 1189, 1195-96 (9th Cir. 1999) (finding that district court did not err by finding waiver of attorney-client privilege in case where defendant claimed that prosecutor's disparaging remarks about his attorney caused him to sever his attorney-client relationship).  That would not be fair.

Under the Ninth Circuit's three-part Amlani test,[2] defendant has waived her attorney-client privilege.  She waived the attorney-client privilege by affirmatively raising and proffering her conversations with counsel on an issue that she then argued in her motion to revoke the Magistrate Court's detention Orders.  The government respectfully requests that the Court order a partial waiver of the attorney-client privilege and compel disclosure by defense counsel of all

---

[2] The Ninth Circuit generally uses a three-prong test to determine whether a waiver has been effected: (1) whether the party is asserting the privilege as the result of some affirmative act, such as filing suit; (2) whether through that affirmative act, the asserting party puts the privileged information at issue; and (3) whether allowing the privilege would deny the opposing party access to information vital to its case.  Id. at 1195 (quoting cases).

3

communications with defendant that surround the communication that she raised and argued in her motion and described in her defense counsel's declaration.

The scope of the proposed waiver is narrow. The waiver is limited to the conversation between defendant and her counsel on a specific date, January 23, 2019, about their conversation with the government the previous day regarding whether she would be charged, detained, and surrounding facts. Accord In re Premera Blue Cross Customer Data Sec. Breach Litig., 296 F. Supp. 3d 1230, 1249 (D. Or. 2017) ("Regarding the scope of this waiver, '[t]he widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter.'" (quoting case)).

Last, the Proposed Order appropriately strikes a balance between protecting defendant's attorney-client privilege and permitting a fair resolution of her motion. The Proposed Order limits the waiver to "communications between her and her attorneys Thomas P. O'Brien and David J. Carroll, concerning the events and facts surrounding defendant's conversation with defense counsel on January 23, 2019, that is proffered in the declaration of defense counsel David J. Carroll (DE 43-1) submitted in support of defendant's motion to revoke the Magistrate Court's detention Orders (DE 43)," which she affirmatively put at issue by raising and arguing it in her motion and attached declaration.

**IV.  CONCLUSION**

For the forgoing reasons, the government requests that the Court enter an Order that finds a partial waiver of the attorney-client privilege and compels defense counsel to testify about communications

4

with defendant proffered in the declaration of defense counsel and presented by defendant in her motion.