BROWNE GEORGE ROSS LLP
Thomas P. O'Brien (State Bar No. 166369)
  tobrien@bgrfirm.com
David J. Carroll (State Bar No. 291665)
  dcarroll@bgrfirm.com
Nathan F. Brown (State Bar No. 317300)
  nbrown@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant Dongyuan Li

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>DONGYUAN LI,<br><br>  Defendant. | Case No. 8:19-cr-00016-JVS<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR A FINDING OF PARTIAL WAIVER OF ATTORNEY-CLIENT PRIVILEGE**<br><br>Judge:   Hon. James V. Selna<br>Date:    April 8, 2019<br>Time:    9:00 a.m.<br>Crtrm.:  10C<br><br>Status Conf.: November 4, 2019<br>Trial Date:    November 12, 2019 |

Defendant Dongyuan Li respectfully submits the following memorandum of points and authorities in support of her opposition to the government's motion for a court order declaring partial waiver of attorney-client privilege and compelling disclosure of certain attorney-client communications.

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

The government's motion for a finding of partial waiver of attorney-client privilege turns on a key—but erroneous—assumption: that the information counsel disclosed in his supplemental declaration is in fact privileged. It is not. The Ninth Circuit has consistently held that an attorney's simple disclosure to the client of information received from a third party is not a privileged communication. Because that is the extent of counsel's supplemental declaration—i.e., a mere confirmation that counsel communicated to Ms. Li the government's stated intent to indict her—there is no basis on which to find either an express or implied waiver of privilege over *other* communications that *are* in fact privileged (e.g., legal advice counsel provided to Ms. Li or Ms. Li's statements to counsel). The Court should therefore decline to find such a waiver.

Furthermore, the Court should compel counsel to testify as to unprivileged communications only if it will be dispositive of whether or not Ms. Li should be granted pretrial release. At the very least, there is no reason why the government requires the testimony of both of Ms. Li's attorneys. If required by the Court, the testimony of Mr. Carroll, who submitted the declaration in question and who directly observed the referenced communication between Mr. O'Brien and Ms. Li, should be more than sufficient.

## ARGUMENT

### I. Ms. Li Has Not Waived Attorney-Client Privilege

An express waiver of privilege requires a finding that either client or counsel disclosed a privileged communication to one not bound by the privilege. *E.g.*, *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010). Here, the communications that counsel disclosed in the supplemental declaration were not privileged. Consequently, there has been no waiver over other communications that are privileged, such as legal advice counsel provided or statements made by Ms. Li

during the meeting.

The Ninth Circuit has consistently held that an attorney's simple disclosure to the client of information received from a third party is not a privileged communication.  For example, in both *United States v. Gray*, 876 F.2d 1411, 1415 (9th Cir. 1989), and *United States v. Freeman*, 519 F.2d 67, 68 (9th Cir. 1975), the Ninth Circuit held that an attorney informing his client of the date of his criminal sentencing hearing was not a privileged communication.  Similarly, in *McKay v. Commissioner of the Internal Revenue Service*, 886 F.2d 1237, 1238 (9th Cir. 1989), the Ninth Circuit held that an attorney sending his client an IRS notice that he received from the government is not a privileged communication, reasoning that such a disclosure is no different from the one at issue in *Freeman*.  *See id.* ("Sturman did not testify regarding disclosures made to Sturman in confidence or regarding advice Sturman gave appellant with respect to those confidences.  He testified only that he had conveyed information from the government to his client. . . . 'The relaying of this message is not in the nature of a confidential communication.  Defense counsel served merely as a conduit for transmission of a message.'" (quoting *Freeman*, 519 F.2d at 68)).

Indeed, in *United States v. Bauer*, the Ninth Circuit specifically distinguished between mere public information transmitted from attorney to client—which, the court noted, was not privileged under *Gray*, *Freeman*, and *McKay*—and "*legal advice*" provided by the attorney to the client—which the court held *was* privileged. 132 F.3d 504, 509 (9th Cir. 1997) (emphasis in original).  The court also noted that the privilege encompasses not only such legal advice, but also "confidential disclosures made by a client to an attorney in order to obtain legal advice."  *Id.* (citations and internal quotation marks omitted).

The communication disclosed in Mr. Carroll's supplemental declaration is no different from that disclosed in *Gray*, *Freeman*, and *McKay*.  That declaration merely confirmed that the government met with Ms. Li's attorneys to discuss its

criminal investigation of Ms. Li and You Win USA; that the government informed counsel that the meeting was occurring extremely late in the investigative process and that it was all but certain that Ms. Li would be indicted in the very near future; and that counsel subsequently conveyed that information to Ms. Li. None of that information is privileged, and Mr. Carroll's declaration did not disclose any information that was privileged (such as any legal advice given to Ms. Li or any statements made by Ms. Li during their meeting). Consequently, there has been no waiver of privilege over the latter.

Nor has there been an implicit waiver of privilege under the *Amlani* framework on which the government relies. The second prong of the *Amlani* test requires the party asserting privilege to have "put the privileged information at issue" through an affirmative act. *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999). But, again, Mr. Carroll's declaration did not put any *privileged* information at issue, such as legal advice that counsel gave to Ms. Li or any of Ms. Li's own statements to counsel; rather, the sole issue raised in the declaration was the information that the government conveyed to her counsel (and then from counsel to her) in mid-January 2019 concerning her imminent indictment. And because counsel's declaration did not put any privileged information at issue, there is no basis for a finding of implicit waiver over such privileged information.

All of the cases that the government cites are distinguishable on this basis, as the party asserting privilege in those instances did in fact put at issue either the legal advice that was given to the client or the client's communications to the attorney. For example, a habeas petitioner raising an ineffective assistance of counsel claim necessarily challenges the sufficiency of the attorney's advice to her and the attorney's litigation strategy, and thus the petitioner rightly waives any privilege on those issues. *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). Similarly, a party who relies on an advice-of-counsel defense to a claim does, as the very name implies, put the legal advice of counsel at issue. *Chevron Corp. v. Pennzoil Co.*,

974 F.2d 1156, 1163 (9th Cir. 1992); *United States v. Quiel*, 595 F. App'x 692, 694 (9th Cir. 2014); *United States v. Ortland*, 109 F.3d 539, 544 (9th Cir. 1997) (discussing but not deciding whether defendant waived privilege by relying on an advice-of-counsel defense).  And where a criminal defendant's claim for post-conviction relief turns on the reason why he discharged his trial attorney, he necessarily puts at issue any communications showing that he discharged his attorney for reasons other than those claimed.  *Amlani*, 169 F.3d at 1194.  In none of these cases was waiver premised on the disclosure of communications that binding case law has already recognized is *not* privileged.

        Finally, the Court cannot, as the government appears to suggest, pierce attorney-client privilege merely because Ms. Li's pending motion puts at issue her state of mind.  Ms. Li's counsel argue in the motion that, given the information available to Ms. Li prior to her indictment, the Court may conclude that she knew of the government's intent to bring criminal charges against her; at no point did counsel offer an otherwise-privileged communication as direct evidence of her state of mind.  Absent such an offer, the mere fact that a litigant's state of mind is at issue in a case is not alone reason to force an attorney to divulge privileged communications that may bear on that issue.  *Amlani*, 169 F.3d at 1195 ("[p]rivileged communications do not become discoverable simply because they are related to issues raised in the litigation" (citations and internal quotation marks omitted)).

## II.    The Court In Any Event Should Limit Counsel's Testimony

        The Court should also decline to order Ms. Li's counsel to testify at the hearing unless the Court determines that the issues raised in the declaration are dispositive of whether Ms. Li should be granted pretrial release.  As Ms. Li argued in her motion, there are numerous data points—in addition to Mr. O'Brien's statements to Ms. Li—showing that Ms. Li knew that her indictment was likely during the four-year period that she remained in the United States.  Mot. at 9–12,

ECF No. 43. On top of this, the multi-million-dollar bond she offers and the stringent conditions of release would assure that Ms. Li would appear at trial. The Court could thus easily determine that Ms. Li is not a flight risk even without considering counsel's declaration.

To the extent the Court does require counsel to testify, moreover, the Court should order only Mr. Carroll to testify. Mr. Carroll, not Mr. O'Brien, submitted the declaration at issue, and Mr. Carroll was present during the entirety of the meeting where Mr. O'Brien relayed the government's position to Ms. Li. Mr. O'Brien's testimony would thus add nothing to the inquiry.

## CONCLUSION

For the foregoing reasons, the Court should deny the government's motion for a finding of partial waiver of attorney-client privilege. The Court should also order counsel to testify regarding the relaying of information to their client only if the testimony would be dispositive of Ms. Li's pending motion. Finally, if the Court does order counsel to testify at the hearing, it should only order that Mr. Carroll testify, not Mr. O'Brien.

DATED: April 4, 2019

BROWNE GEORGE ROSS LLP
Thomas P. O'Brien
Nathan F. Brown
David J. Carroll

By:    /s/ Thomas P. O'Brien
      Thomas P. O'Brien
Attorneys for Defendant Dongyuan Li