NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
CHARLES E. PELL (Cal. Bar No. 210309)
Assistant United States Attorney
Santa Ana Branch Office
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3542
    Facsimile: (714) 338-3561
    E-mail:   charles.e.pell2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>         v.<br><br>DONGYUAN LI,<br><br>       Defendant. | No. SA CR 19-00016-JVS<br><br><u>PLEA AGREEMENT FOR DEFENDANT</u><br><u>DONGYUAN LI</u> |

    1.   This constitutes the plea agreement between DONGYUAN LI ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

    2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and

1  provided by the Court, appear and plead guilty to conspiracy to

2  commit immigration fraud in violation of 18 U.S.C. § 371; and visa

3  fraud in violation of 18 U.S.C. § 1546(a), which are charged in

4  counts one and two of the indictment in United States v. Dongyuan Li,

5  SA CR No. 19-00016-JVS.

6          b.   Not contest facts agreed to in this agreement.

7          c.   Abide by all agreements regarding sentencing contained

8  in this agreement.

9          d.   Appear for all court appearances, surrender as ordered

10  for service of sentence, obey all conditions of any bond, and obey

11  any other ongoing court order in this matter.

12          e.   Not commit any crime; however, offenses that would be

13  excluded for sentencing purposes under United States Sentencing

14  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

15  within the scope of this agreement.

16          f.   Be truthful at all times with the United States

17  Probation and Pretrial Services Office and the Court.

18          g.   Pay the applicable special assessments at or before

19  the time of sentencing unless defendant lacks the ability to pay and

20  prior to sentencing submits a completed financial statement on a form

21  to be provided by the USAO.

22          FORFEITURE AND FINANCIAL ACCOUNTABILITY

23     3.   Defendant further agrees:

24          a.   To forfeit all right, title, and interest in and to

25  all United States currency, property and assets, including the real

26  properties, vehicles, and currency listed in Exhibit 1 to this Plea

27  Agreement, which defendant admits constitute the proceeds of

28  defendant's illegal activity and/or were used to facilitate

1  defendant's criminal activity.

2       b.   To the Court's entry of an order of forfeiture at or

3  before sentencing with respect to assets identified in Exhibit 1 and

4  to the forfeiture of the assets.

5       c.   To take whatever steps are necessary to pass to the

6  United States clear title to the assets described above, including,

7  without limitation, the execution of a consent decree of forfeiture

8  and the completing of any other legal documents required for the

9  transfer of title to the United States.

10      d.   Not to contest any administrative forfeiture

11 proceedings or civil judicial proceedings commenced against the

12 assets identified in Exhibit 1.  With respect to any criminal

13 forfeiture ordered as a result of this plea agreement, defendant

14 waives the requirements of Federal Rules of Criminal Procedure 32.2

15 and 43(a) regarding notice of the forfeiture in the charging

16 instrument, announcements of the forfeiture sentencing, and

17 incorporation of the forfeiture in the judgment.  Defendant

18 acknowledges that forfeiture of the assets is part of the sentence

19 that may be imposed in this case and waives any failure by the Court

20 to advise defendant of this, pursuant to Federal Rule of Criminal

21 Procedure 11(b)(1)(J), at the time the Court accepts defendant's

22 guilty pleas.

23      e.   Not to assist any other individual in any effort

24 falsely to contest the forfeiture of the assets described above.

25      f.   Not to claim that reasonable cause to seize the assets

26 described above was lacking.

27      g.   To prevent the transfer, sale, destruction, or loss of

28 any and all assets described above to the extent defendant has the

1   ability to do so.

2           h.   That forfeiture of assets described above shall not be

3   counted toward satisfaction of any special assessment, fine,

4   restitution, costs, or other penalty the Court may impose.

5                          THE USAO'S OBLIGATIONS

6       4.   The USAO agrees to:

7           a.   Not contest facts agreed to in this agreement.

8           b.   Abide by all agreements regarding sentencing contained

9   in this agreement.

10          c.   At the time of sentencing, move to dismiss the

11  remaining counts of the indictment as against defendant.  Defendant

12  agrees, however, that at the time of sentencing the Court may

13  consider any dismissed charges in determining the applicable

14  Sentencing Guidelines range, the propriety and extent of any

15  departure from that range, and the sentence to be imposed.

16          d.   At the time of sentencing, provided that defendant

17  demonstrates an acceptance of responsibility for the offenses up to

18  and including the time of sentencing, recommend a two-level reduction

19  in the applicable Sentencing Guidelines offense level, pursuant to

20  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

21  additional one-level reduction if available under that section.

22          e.   Recommend that defendant be sentenced to a term of

23  imprisonment no higher than the low end of the applicable Sentencing

24  Guidelines range, provided that the offense level used by the Court

25  to determine that range is 17 or higher and provided that the Court

26  does not depart downward in offense level or criminal history

27  category.  For purposes of this agreement, the low end of the

28  Sentencing Guidelines range is that defined by the Sentencing Table

in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.

<div align="center">NATURE OF THE OFFENSES</div>

5.    Defendant understands that for defendant to be guilty of the crime charged in count one of the Indictment, that is, Conspiracy to commit immigration fraud, in violation of Title 18, United States Code, Section 371, the following must be true: (1) beginning in or about October 2013, and ending in or about March 2015, there was an agreement between two or more persons to commit immigration fraud; (2) defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

6.    Defendant understands that for defendant to be guilty of the crime charged in count two of the Indictment, that is, visa fraud, in violation of Title 18, United States Code, Sections 1546(a) and 2, the following must be true: (1) defendant assisted another to make a false statement; (2) defendant acted with knowledge that the statement was untrue; (3) the statement was material to the activities or decisions of the United States Citizenship and Immigration Services (USCIS), that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities; (4) the statement was made under penalty of perjury; and (5) the statement was made on an application, affidavit, or other document required by immigration laws or regulations.

PENALTIES

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: 5 years of imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1546(a), is: 10 years of imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 15 years' imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

10.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

12.   Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

<div align="center">FACTUAL BASIS</div>

13.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty

1   to the charges described in this agreement and to establish the
2   Sentencing Guidelines factors set forth in paragraph 15 below but is
3   not meant to be a complete recitation of all facts relevant to the
4   underlying criminal conduct or all facts known to either party that
5   relate to that conduct.

6       Beginning in or around 2013 through March 2015, defendant,
7   together with others, operated a birth tourism business in Irvine,
8   California, and the People's Republic of China (PRC), called You Win
9   USA Vacation Services Corporation (You Win).  Generally, You Win
10  would assist pregnant foreign nationals (typically PRC nationals) to
11  travel to the United States and/or to remain in the United States to
12  give birth, so that their children would receive birthright U.S.
13  citizenship.

14      You Win's pregnant customers would generally obtain nonimmigrant
15  visas from the U.S. government in order to come to the United States
16  and/or remain in the United States to give birth.  Some of You Win's
17  customers made false statements on their visa applications and/or to
18  U.S. immigration officials, and You Win sometimes assisted its
19  customers in doing so.  For example, You Win sometimes instructed its
20  birth tourism customers to apply for their visas to come to the
21  United States early in their pregnancy so they would be able to
22  conceal their pregnancy from U.S. officials.  In addition, You Win
23  assisted some of its customers in preparing and/or submitting visa
24  applications that You Win knew contained false statements.  For
25  example, many of You Win's customers' visa applications would state
26  that the purpose of their trip to the United States was for business
27  and/or tourism; that the length of their stay would be approximately
28  eight to 14 days; and that they would be staying in Hawaii, New York,

or Los Angeles.  In reality, many of those customers intended to come to the United States to give birth; they sometimes intended to stay in the United States for up to three months; and they intended to stay in Irvine, California.

Once the customers' visa applications had been filed, You Win's agents and employees in China would coach some of their Chinese customers on how to pass the U.S. Consulate interview in China, including by telling the customers to falsely say they were going to stay in the United States for only two weeks.  Once the customers received their visas to travel to the United States, You Win's agents and employees in China would coach some of their Chinese birth tourism customers on how to pass the U.S. Customs inspection at the port of entry by concealing their pregnancies.  You Win sometimes directed its customers to book two flights: (a) the first flight from China to Hawaii, instead of from China to Los Angeles International Airport (LAX), because they believed that it would be easier to clear U.S. Customs through Hawaii; and (b) the second flight from Hawaii to LAX, which would then be considered a domestic flight with no U.S. Customs check.  At the time defendant operated the birth tourism business, Defendant was generally aware that You Win's agents and employees in China would assist You Win's customers in submitting applications for nonimmigrant visas and/or visa extensions; that some of those applications might contain the above-identified false statements; and that You Win "trained" its customers on how to pass interviews with U.S. immigration and/or customs officials, including by telling its customers how to respond to certain questions and to conceal their pregnancies.

Between on or around December 2014 to March 2015, defendant, who

1   resided in Irvine, California, received and housed You Win's

2   customers after they arrived in the United States.   While You Win's

3   customers were in the United States, Defendant provided various

4   services to them, including housing, meals, transportation, and other

5   miscellaneous services.   Defendant hired several persons in Irvine,

6   California, to assist her with providing these services to You Win's

7   customers.

8       Defendant also received wire transfers from China, some of which

9   were used to promote, further, or facilitate You Win's activities in

10  the United States.   This includes Defendant making payments for the

11  apartments that she and others had leased in Irvine, California,

12  which You Win used to house their customers.   This includes a payment

13  of $30,965 on October 3, 2013, and a payment of $30,321.23 on

14  November 4, 2013.

15          Chinese birth tourism customer X.Y.L.

16      Defendant assisted Chinese national X.Y.L., once that customer

17  was in the United States, to fraudulently obtain a visa extension to

18  stay in the United States to give birth.

19      Customer X.Y.L. ultimately needed to obtain a visa extension to

20  be able to remain in the United States so she could give birth,

21  because immigration officers at LAX had admitted her to remain in the

22  United States for only 15 days, which was not enough time for her to

23  stay and give birth in the United States.   Defendant helped that

24  customer to fraudulently obtain a visa extension so she could stay in

25  the United States to give birth.   Part of the visa extension

26  application was submitting proof of sufficient funds.   On January 16,

27  2015, defendant left a voicemail message to that customer, telling

28  the customer that defendant would "transfer the money from my account

1  to yours first, so you get a proof of funds," in order to trick U.S.
2  Immigration that the customer had sufficient resources to qualify for
3  a visa extension.  Defendant then transferred approximately $96,000
4  to the customer's bank account so the customer could use it with her
5  visa extension application to show as proof of sufficient funds.  On
6  January 23, 2015, defendant assisted Chinese birth tourism customer
7  X.Y.L. to file an application with USCIS to extend her visa, which
8  defendant knew contained false statements.

9  <u>SENTENCING FACTORS</u>

10      14.  Defendant understands that in determining defendant's
11  sentence the Court is required to calculate the applicable Sentencing
12  Guidelines range and to consider that range, possible departures
13  under the Sentencing Guidelines, and the other sentencing factors set
14  forth in 18 U.S.C. § 3553(a).  Defendant understands that the
15  Sentencing Guidelines are advisory only, that defendant cannot have
16  any expectation of receiving a sentence within the calculated
17  Sentencing Guidelines range, and that after considering the
18  Sentencing Guidelines and the other § 3553(a) factors, the Court will
19  be free to exercise its discretion to impose any sentence it finds
20  appropriate up to the maximum set by statute for the crimes of
21  conviction.

22      15.  Defendant and the USAO agree to the following applicable
23  Sentencing Guidelines factors:

24      <u>Counts One and Two</u>:

25   Base Offense Level:        11           [U.S.S.G. § 2L2.1(a)]

26      Defendant and the USAO agree to leave open for the Court's
27  determination the issues of (1) the number of fraudulent visa
28  applications involved in the offense under U.S.S.G. § 2L2.1(b)(2);

(2) whether defendant had an aggravating role in the offense as a manager or supervisor under U.S.S.G. § 3B1.1(b) only; and (3) whether defendant had a mitigating role in the offense as a minor participant under U.S.S.G. § 3B1.2(b) only.  The USAO agrees not to request or recommend that defendant receive an aggravating role adjustment as an organizer or leader under U.S.S.G. § 3B1.1(a), and Defendant agrees not to request or recommend a mitigating role adjustment as a minimal participant under U.S.S.G. § 3B1.2(a).  Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18.  Defendant understands that by pleading guilty, defendant gives up the following rights:

       a.  The right to persist in a plea of not guilty.

       b.  The right to a speedy and public trial by jury.

       c.  The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial.  Defendant understands, however, that defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

       d.  The right to be presumed innocent and to have the

1   burden of proof placed on the government to prove defendant guilty

2   beyond a reasonable doubt.

3           e.   The right to confront and cross-examine witnesses

4   against defendant.

5           f.   The right to testify and to present evidence in

6   opposition to the charges, including the right to compel the

7   attendance of witnesses to testify.

8           g.   The right not to be compelled to testify, and, if

9   defendant chose not to testify or present evidence, to have that

10  choice not be used against defendant.

11          h.   Any and all rights to pursue any affirmative defenses,

12  Fourth Amendment or Fifth Amendment claims, and other pretrial

13  motions that have been filed or could be filed.

14      19.  Understanding that the government has in its possession

15  digital devices and/or digital media seized from defendant, defendant

16  waives any right to the return of digital data contained on those

17  digital devices and/or digital media and agrees that if any of these

18  digital devices and/or digital media are returned to defendant, the

19  government may delete all digital data from those digital devices

20  and/or digital media before they are returned to defendant.

21                  WAIVER OF APPEAL OF CONVICTIONS

22      20.  Defendant understands that, with the exception of an appeal

23  based on a claim that defendant's guilty pleas were involuntary, by

24  pleading guilty defendant is waiving and giving up any right to

25  appeal defendant's convictions on the offenses to which defendant is

26  pleading guilty.  Defendant understands that this waiver includes,

27  but is not limited to, arguments that the statutes to which defendant

28  is pleading guilty are unconstitutional, and any and all claims that

1  the statement of facts provided herein is insufficient to support

2  defendant's pleas of guilty.

3  <u>WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

4        21.   Defendant gives up the right to appeal all of the

5  following: (a) the procedures and calculations used to determine and

6  impose any portion of the sentence; (b) the term of imprisonment

7  imposed by the Court, including, to the extent permitted by law, the

8  constitutionality or legality of defendant's sentence, provided that

9  the Court imposes a term of imprisonment of no more than 33 months;

10  (c) the fine imposed by the court, provided it is within the

11  statutory maximum; (d) the term of probation or supervised release

12  imposed by the Court, provided it is within the statutory maximum;

13  (e) any forfeiture ordered by the Court pursuant to paragraph 2

14  above; and (f) any of the following conditions of probation or

15  supervised release imposed by the Court: the conditions set forth in

16  General Order 18-10 of this Court; the drug testing conditions

17  mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug

18  use conditions authorized by 18 U.S.C. § 3563(b)(7); and any

19  conditions of probation or supervised release agreed to by defendant

20  in paragraph 2 above.

21        22.   Defendant also gives up any right to bring a post-

22  conviction collateral attack on the convictions or sentence, except a

23  post-conviction collateral attack based on a claim of ineffective

24  assistance of counsel, a claim of newly discovered evidence, or an

25  explicitly retroactive change in the applicable Sentencing

26  Guidelines, sentencing statutes, or statutes of conviction.

27  Defendant understands that this waiver includes, but is not limited

28  to, arguments that the statutes to which defendant is pleading guilty

are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

23.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 24 months, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEAS</u>

24.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

25.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

26.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

27.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by

16

defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

28.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual

1  information to the United States Probation and Pretrial Services
2  Office and the Court, even if that factual information may be viewed
3  as inconsistent with the facts agreed to in this agreement, this
4  paragraph does not affect defendant's and the USAO's obligations not
5  to contest the facts agreed to in this agreement.

6      30.  Defendant understands that even if the Court ignores any
7  sentencing recommendation, finds facts or reaches conclusions
8  different from those agreed to, and/or imposes any sentence up to the
9  maximum established by statute, defendant cannot, for that reason,
10  withdraw defendant's guilty pleas, and defendant will remain bound to
11  fulfill all defendant's obligations under this agreement.  Defendant
12  understands that no one -- not the prosecutor, defendant's attorney,
13  or the Court -- can make a binding prediction or promise regarding
14  the sentence defendant will receive, except that it will be within
15  the statutory maximum.

16  <center>NO ADDITIONAL AGREEMENTS</center>

17      31.  Defendant understands that, except as set forth herein,
18  there are no promises, understandings, or agreements between the USAO
19  and defendant or defendant's attorney, and that no additional
20  promise, understanding, or agreement may be entered into unless in a
21  writing signed by all parties or on the record in court.
22  ///
23  ///
24  ///
25
26
27
28

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney


CHARLES E. PELL                              Date  08/29/2019
Assistant United States Attorney
Santa Ana Branch Office


DONGYUAN LI                                  Date  08.28.2019
Defendant


THOMAS P. O'BRIEN                            Date  8.28.19
Attorney for Defendant DONGYUAN LI

CERTIFICATION OF DEFENDANT

This agreement has been read to me in Chinese (Mandarin), the language I understand best.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or

19

1  representations of any kind have been made to me other than those

2  contained in this agreement.  No one has threatened or forced me in

3  any way to enter into this agreement.  I am satisfied with the

4  representation of my attorney in this matter, and I am pleading

5  guilty because I am guilty of the charges and wish to take advantage

6  of the promises set forth in this agreement, and not for any other

7  reason.

8  _____               08. 28. 2019

9  DONGYUAN LI                             Date
   Defendant

10              CERTIFICATION OF INTERPRETER

11      I, LingLing Martin, am fluent in the written and spoken

12  English and Chinese (Mandarin) languages.  I accurately translated

13  this entire agreement from English into Chinese (Mandarin) to

14  defendant DONGYUAN LI on this date.

15  _____               8/28/2019

16  INTERPRETER                             Date

17          CERTIFICATION OF DEFENDANT'S ATTORNEY

18      I am DONGYUAN LI's attorney.  I have carefully and thoroughly

19  discussed every part of this agreement with my client.  Further, I

20  have fully advised my client of her rights, of possible pretrial

21  motions that might be filed, of possible defenses that might be

22  asserted either prior to or at trial, of the sentencing factors set

23  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

24  provisions, and of the consequences of entering into this agreement.

25  To my knowledge: no promises, inducements, or representations of any

26  kind have been made to my client other than those contained in this

27  agreement; no one has threatened or forced my client in any way to

28  enter into this agreement; my client's decision to enter into this

20

agreement is an informed and voluntary one; and the factual basis set
forth in this agreement is sufficient to support my client's entry of
guilty pleas pursuant to this agreement.

_____          8·28·19
THOMAS P. O'BRIEN                          Date
Attorney for Defendant DONGYUAN LI

21

## <u>Exhibit 1 to Dongyuan Li Plea Agreement</u>

<u>List of forfeited assets</u>

1. **Real Property:**
   a.   30198 Powderhorn Lane, Murrieta, California 92563

2. **Currency:**
   a.   $364,030.81 HSBC Bank Check #500381209 from account #▇▇▇2873
   b.   $1,953.16 East West Bank Cashier's Check #101016991 from account #▇▇▇2457
   c.   $151,777.40 East West Bank Cashier's Check #101016992 from account #▇▇▇7596
   d.   $230,138.23 East West Bank Cashier's Check #101016993 from account #▇▇▇4987
   e.   $6,183.23 Bank of America Cashier's Check #9495824279 from account #▇▇▇2717
   f.   $36,448.65 Bank of America Cashier's Check #9495824489 from account #▇▇▇2930
   g.   $81,463.93 Bank of America Cashier's Check #▇▇▇4486;
   h.   $3,807.71 Bank of America Cashier's Check #▇▇▇4283;
   i.   $586.99 cashier's check converted from $586.99 cash

3. **Vehicles:**
   a.   2015 Mercedes Benz GL350 VIN# ▇▇▇545327
   b.   2014 Nissan NV3500 VIN# ▇▇▇162474
   c.   2015 Toyota Sienna LE VIN# ▇▇▇552823
   d.   2015 Mercedes Benz GL Class VIN# ▇▇▇480633
   e.   2014 Mercedes Benz S Class VIN# ▇▇▇037727